**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 FEB 19  PM 4:43

CLERK

BY_____ H3C
DEPUTY CLERK

| | |
|---|---|
| TIMOTHY CULLENEN,<br><br>       Plaintiff,<br><br>       v.<br><br>TOWN OF ROCKINGHAM and<br>VILLAGE OF BELLOWS FALLS<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 1:16-cv-43 |

## COMPLAINT

Plaintiff, TIMOTHY CULLENEN (hereinafter "plaintiff"), through his undersigned counsel, hereby files this Complaint and complains against the Town of Rockingham and the Village of Bellows Falls, both municipalities and political subdivisions of the State of Vermont (hereinafter "defendants), and asserts the following allegations both in both their totalities and in their alternatives.

## NATURE OF CLAIMS

This is an action for declaratory, compensatory, liquidated and punitive damages and injunctive relief pursuant to 42 U.S.C. § 1983 for defendants' deprivation and disregard of plaintiff's constitutional rights to due process either prior to, or subsequent removal from his position as town manager of the Town of Rockingham and the village manager of the Village of Bellows Falls despite plaintiff's repeated requests to be provided a full and fair opportunity to contest his dismissal.

1

## JURISDICTION

2.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 over the deprivations of the constitutional rights of plaintiff pursuant to the Fourteenth Amendment to the United States Constitution to be afforded procedural and substantive due process either prior, or subsequent, to the termination by defendants of his tenured public sector employment.

3.  Pursuant to 28 U.S.C. § 1331, this Court has supplemental jurisdiction as to the state constitutional claims brought pursuant to Ch. I, Article 4 of the Vermont Constitution as well as common law claims outlined below including wrongful termination, breach of contractual and damage to plaintiff's reputation.

## VENUE

4.  Venue is proper in the District of Vermont pursuant to 28 U.SC. § 1391, in that a substantial part of the events or omissions giving rise to Plaintiff's claim have occurred in the District of Vermont.

## PARTIES

5.  As April 23, 2013, the date of plaintiff's dismissal of his tenured and contracted employment by both defendants, plaintiff was a resident of the Town of Westminster in the State of Vermont, and was employed fulltime as manager of the respective defendant municipalities pursuant to a three year contract of employment that was to run from on or about May 2, 2011

through May 1, 2014.  As a direct and proximate result of the unconstitutional acts of defendants, plaintiff was forced to relocate to the State of Ohio where he presently resides and has so resided since 2014 at 5574 Brackenridge Avenue, in the City of Columbus and in the county of Franklin. Columbus, OH 43228

6.  Defendants are Vermont municipalities and political subdivisions of the State of Vermont as that term is defined by 1 V.S.A. § 126.

## FACTS

7.  Pursuant to the Chapter 33 of Title 24 of the Vermont Statutes Annotated, the Selectmen comprising the Selectboard ("Board") are the governing authority in and for the Town of Rockingham, County of Windham and State of Vermont.  24 V.S.A. § 872(a).

8.  Pursuant to the municipal charter of the Village of Bellows Falls, T.24 Appx., Ch.207, is authorized and does, in fact, elect trustees at its annual meeting. See § 207-5 and has a five member Board of Trustees ("Trustees") chaired by the Village President.  Pursuant to § 207-6, the board of trustees "has charge of all prudential affairs."

9.  At an election conducted prior to 2011, a majority of the voters in the Village of Bellows Falls, pursuant to the provisions of Chapter 37 of Title 24 of the Vermont Statutes, chose to adopt and implement a Village Manager form of government.

10. The duties and powers of a Village Manager are set forth in the statutes of Vermont, 24 V.S.A. §§ 1235 and 1236, and explicitly include the following:

(a)     performance of all duties conferred by law upon selectmen, with certain exceptions not pertinent to any fact or legal issues in this case;

(b)     to be the purchasing agent for the Village;

(c)     to have charge and supervision of all public buildings and repairs thereon;

(d)     to supervise the expenditure of all special appropriations;

(e)     to have charge, control and supervision of the police department, the fire department, system of licenses, system of sewers and drainage, lighting of street, sprinkling of streets, laying of dust and maintenance of parks and playgrounds.

11.  The voters of the Village of Bellows Falls having chosen to adopt a Village Manager form of government, the Trustees were thereafter excluded from the powers and duties conferred upon the Village Manager under 24 V.S.A. §§ 1235 and 1236.

12.  The voters of the Village of Bellows Falls having chosen to adopt a Village Manager form of government, the Trustees were thereafter limited to such powers and duties as set forth elsewhere in Chapter 37 of Title 24 of the Vermont Statutes and such powers as set forth in the Village Charter of Bellows Falls, to the extent not inconsistent with Chapter 37 of Title 24 of the Vermont Statutes.

13.     Upon information and belief, the Village Board of Trustees voted to enter into a contract with plaintiff Timothy Cullenen as the Village Manager.

14.     Upon information and belief, the Selectboard of the Town of Rockingham voted to enter into a contract with plaintiff Timothy Cullenen as the Town Manager effective.

15.     The Town of Rockingham and the Village of Bellows Falls both entered into this three year contract with plaintiff after an extensive search for qualified applicants.

16.     Before being duly appointed as manager of both defendant municipalities, plaintiff spent two years as the town administrator for the Town of Ashland, New Hampshire. Prior to that position, plaintiff served as a professional planner and associated tasks for more than a decade making him well qualified for the position to which defendant municipalities appointed

4

him to serve as he had extensive business planning and operations experience.  Plaintiff is both a Certified Main Street Manager and holds certification from the American Institute of Certified Planners.

17.     On April 5, 2011, defendant municipalities through the actions of the Trustees' chair and the Board's president entered into a three year employment contract with plaintiff effective May 2, 2011 through May 1, 2014 with an initial annual salary of $73,000 plus benefits including dental, health and life insurance coverage, enrollment in the municipal retirement system.

18.     Said contract provided that plaintiff would be subject to a probationary period of six months, which he successfully completed.

19.     Defendant municipalities conducted an initial performance review of plaintiff on or about December 7, 2011.  Plaintiff's performance overall was rated as at least satisfactory with some aspects rated as "periodically exceed[ing] expectations."  The Town Selectboard rated plaintiff's performance a bit more favorably than did the Village Board of Trustees.

20.     Plaintiff's employment contract with defendant municipalities at § 2 provided that it "shall automatically renew for subsequent one (1) year terms."

21.     Defendants raised plaintiff's annual salary to $76,000 effective May 1, 2012 through the official actions of Town of Rockingham Selectboard Chair Thomas MacPhee and Village of Bellows Falls President Roger Riccio.

22.     This raise was awarded after both municipal defendants evaluated plaintiff's performance as of May 9, 2012 at least satisfactory with some aspects rated as "periodically exceed[ing] expectations."  Once again, it should be noted that the Town Selectboard rated plaintiff's performance a bit more favorably than did the Village Board of Trustees with the

Board noting that plaintiff "sometimes can come across a [sic] being quick with people at times."

23.    In June of 2012, after having just reviewed plaintiff's performance as at least satisfactory, for some unknown and unspecified reason, defendants sought written "supervisor evaluations" from three municipal employees.

24.    Two of the three evaluation forms submitted rated plaintiff as performing at the highest level (on a scale of one to four) on most areas of inquiry. The remaining employee rated plaintiff far less favorably, with an average rating of 2.2 as opposed to his or her colleagues' average rating of 3.8 and 3.6 respectively.

25.    Trustee Deborah Wright was elected subsequent to defendants' entering into the above referenced three year contract with plaintiff.

26.    Plaintiff was the subject of a letter of complaint filed on November 14, 2012 by Village Trustee Wright. Trustee Wright alleged that plaintiff acted in an inappropriate manner towards citizens of the Village and the Town on November 13, 2012 at a regular business meeting of the Village Board of Trustees. The problematic behavior alleged is not specified but rather characterized as "rude, arrogant, disrespectful [and] hubristic."

27.    In response to Trustee Wright's written complaint, defendants  issued a written warning to plaintiff by their letter of November 20, 2012 signed by Town Selectboard Chair MacPhee and Village President Roger Riccio.

28.    The written reprimand directed plaintiff to engage in anger management counseling (which plaintiff completed) and also imposed a one week suspension without pay.

29.    On March 12, 2013, the full Village Board of Trustees filed a second formal complaint alleging plaintiff engaged in "disrespectful and belligerent" behavior and "badgered and stonewalled the trustees" during the Board's meeting on February 26, 2013.  Upon

information and belief, Trustee Wright was the initiator of this second complaint.

30.     During an investigative meeting with defendants' human resources coordinator, not the ultimate decision maker (that being the boards), plaintiff responded to this complaint by stating that certain trustees "are creating a hostile work environment [for him] and attempting to undermine his responsibilities ... [and] are attempting to have him removed from" his position.

31.     On March 14, 2013, defendants issued a second written warning to plaintiff directing him to return to counseling, and attend sessions weekly for a period of no less than ninety days.

32.     Plaintiff fully complied with defendants counseling requirement.

33.     Defendants conducted another performance evaluation in April of 2013. This evaluation continued to criticize plaintiff's communication skills while also noting that "his particularly off-hand comments in emails has [sic] been mostly curtailed." Once again, it should be noted that the Town Selectboard rated plaintiff's performance a bit more favorably than did the Village Board of Trustees.

34.     Defendants in their April 2013 review recommended that "... the severity of reprimand be increased to substantially impact manager's freedom of decision making/spending and a more extended time off period without compensation be levied."

35.     This proposed limitation of municipal manager's decision making is in clear violation of 24 V.S.A. §§ 1235 and 1236, see paragraph 10 above.

36.     Apparently as a result of this performance review and the persistence of complaint regarding plaintiff's performance particularly originating from the Village Board, the review dated April 16, 2013 concludes with the following: "A vote of no-confidence was taken on April 16, 2013 and a majority of both the Selectboard and BF Trustees, vote to terminate Tim."

37. Plaintiff signed his review on that same date.

38. Plaintiff's employment was terminated by defendants of that date without prior warning, notice of alleged "good cause," or any meaningful opportunity to be heard.

39. Defendants further failed to inform plaintiff of his right to appeal their decision.

40. The contract further stated that "[E]ither party must give sixty (60) days advanced written notice of intention not to renew."

41. Neither party at any time exercised its or his rights under§ 2 of the contract of giving advanced written notice of intent not to review, thus terminating the parties' employment relationship.

42. Upon information and belief, defendants' governing bodies met in executive session on or about April 16, 2013 without the presence of the plaintiff.

43. Upon information and belief, this special meeting did not commence with an opportunity for public comment as is required by 1 V.S.A. § 312(h).

44. Upon information and belief, at no time did defendants' governing boards entertain a motion and adopt a resolution expressly removing the plaintiff from service as Municipal Manager.

45. At no time before during or after said special joint meeting of the defendants' governing bodies was plaintiff presented with notice of the specific charges against him, or an opportunity to be heard by the decision making boards.

46. Nonetheless, by his letter of April 30, 2013 to Board Chair Thomas MacPhee and to Village President Roger Riccio, plaintiff noticed defendants "of my intent to appeal my recent termination as Municipal Manager." Plaintiff went on to state that "[P]er Section 15 of the Joint Personnel Policy – "Appeals to Disciplinary Action" – I was not afforded the opportunity to

appeal or discuss the termination the boards."

47.    Defendant municipalities never responded to plaintiff's letter of April 30, 2013.

48.    Defendant municipalities failed to provide plaintiff with even the modicum of due process to which he was entitled as a tenured government employment despite his timely written request for such an opportunity to be heard in a meaningful manner.

## Causes of Action

### Count I -- Declaratory Judgment

49.    Plaintiff re-alleges and incorporates paragraphs 1 – 48, above, herein.

50.    A vote of no confidence merely communicates the view of the voting body that it lacks confidence in the office holder about whom it has taken.

51.    A vote of no confidence does not remove an officer from office.

52.    During plaintiff's term in office, the defendant municipalities through its governing bodies do not have the authority to interfere with the plaintiff's discharge of his statutory duties under 24 V.S.A. §§ 1235 and 1236.

### Count II -- Deprivation of Plaintiff's Constitutional Right to Due Process in Violation of 42 U.S.C. § 1983

53.    Plaintiff re-alleges and incorporates paragraphs 1 – 52 above, herein.

54.    As an employee of the defendant municipalities who can only be terminated "for cause" under 24 V.S.A. § 1233, the plaintiff has a property right to his job as a tenured public employee.

55.    Plaintiff may not be deprived of his employment without due process of law.

56.    Due Process requires that the plaintiff be given notice of the charges against him,

and an opportunity to prepare and present evidence in his own defense at a hearing before an impartial decision-maker.

57.     The municipal defendants, separately and in concert, have acted to deprive plaintiff of his constitutional right to the due process of law and terminated plaintiff's employment in violation of his constitutional right to the due process of law in violation of 42 U.S.C. § 1983.

## Count III -- Deprivation of Plaintiff's Right to Due Process in Violation of Article 4 of the Vermont Constitution

58.     Plaintiff re-alleges and incorporates paragraphs 1 – 57 above, herein.

59.     As an employee of the defendant municipalities who can only be terminated "for cause" under 24 V.S.A. § 1233, the plaintiff has a property right to his job as a tenured public employee.

60.     Article 4 of the Vermont Constitution guarantees every person in Vermont a right to the due process of law.

61.     Due process requires that the plaintiff be given notice of the charges against him, and an opportunity to prepare and present evidence in his own defense at a hearing before an impartial decision-maker.

62.     Defendant municipalities have acted, separately and in concert, to deprive plaintiff of his constitutional right to the due process of law in violation of his constitutional right to the due process of law in violation of Article 4 of the Vermont Constitution.

## Count IV -- Wrongful Termination

63.     Plaintiff re-alleges and incorporates paragraphs 1 – 62, above, herein.

10

64.     By statute, a municipal manager may be removed "for cause." 24 V.S.A. § 1233.

65.     Defendant municipalities lacked sufficient good cause to remove plaintiff from office as Municipal Manager.

66.     Defendant municipalities have acted, separately and in concert, wrongfully and in violation of the cause requirement of 24 V.S.A. § 1233.

## Count V – Damage to Reputation

67.     Plaintiff re-alleges and incorporates paragraphs 1 – 66, above, herein.

68.     Defendants acted unlawfully, separately and in concert, to damage plaintiff's reputation by their unlawful removal of plaintiff from his employment as municipal manager.

69.     As a result of their unlawful and unconstitutional acts, defendants have irreparably damaged plaintiff's reputation by removing him from his position as municipal manager, thereby creating a substantial gap in his employment history.  Defendants' unlawful and unconstitutional act in removing from his position rendered his opportunities for future comparable employment  opportunities virtually impossible.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court:

Issue a judgment that the actions of defendants described herein are unlawful and violate plaintiff's rights under the constitutions of the United States and the State of Vermont;

Issue a judgment that the actions of defendants described herein are unlawful and violate plaintiff's rights under the law of the State of Vermont;

Issue a judgment that the actions of defendants described herein are unlawful and violate plaintiff's common law rights as described herein;

Award plaintiff damages adequate to compensate for the loss of income, pain and suffering, including emotional distress, and loss of dignity and injury to reputation stemming from the violations of his rights as stated in this Complaint as well as punitive damages;

Grant plaintiff his reasonable costs and attorneys' fees.

Grant such other relief as the Court considers just and proper.

Dated this 19th day of February, 2016 at Burlington, Vermont.

TIMOTHY CULLENEN

Robert Appel
Attorney at Law, PLC
Attorney for Plaintiff
30 Main Street, Suite 350
Burlington, Vermont 05401
Telephone: (802) 595-1544
Email: rappel@robertappellaw.com